# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

_____          **Case Number**

**CHRISTINE BARRON** )
)
**Plaintiff** )
) **CIVIL COMPLAINT**
**vs.** )
)
**ALLIED INTERSTATE, INC** )
)
) **JURY TRIAL DEMANDED**
)
**Defendant** )
_____ )

## COMPLAINT AND JURY DEMAND

**COMES NOW**, Plaintiff, Christine Barron, by and through their undersigned

counsel, Brent F. Vullings, Esquire of Warren & Vullings, LLP, complaining of

Defendant, and respectfully aver as follows:

## I.  INTRODUCTORY STATEMENT

1.     Plaintiff, Christine Barron, is an adult natural person and bring this action

for actual and statutory damages and other relief against Defendant for violations to the

Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), the

Pennsylvania Fair Credit Extension Uniformity Act, 73 P.S. § 2270.4 ("PFCEUA) and

the Unfair Trade Practices and Consumer Protection Law, 73 P.S. § 201-1-201-9.3

("UTPCPL")  which prohibits debt collectors and original creditors from engaging in

abusive, deceptive and unfair practices.

## II.  <u>JURISDICTION</u>

2.      Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337.

3.      Venue in this District is proper in that the Defendant transacts business in the Commonwealth of Pennsylvania and Plaintiff resides in this District.

## III.  <u>PARTIES</u>

4.      Plaintiff, Christine Barron, is an adult natural persons residing at 2027 Anchor Street, Philadelphia, PA 19124.

5.      Defendant, Allied Interstate, Inc ("Defendant"), at all times relevant hereto, is and was a corporation engaged in the business of collecting debt within the Commonwealth of Pennsylvania with its principal place of business located at 800 West Interchange, 435 Ford Road, Minneapolis, MN 55426.

## IV.  <u>FACTUAL ALLEGATIONS</u>

6.      In the middle of February 2009, Defendant's agent "Sam Cooper" started calling Plaintiff's mother- in-law's house and spoke with Plaintiff's fiancé.  Defendant's agent "Sam Cooper" stated that he was trying to get a hold of Christine Barron but would not state what it was in regards to.  Plaintiff's fiancé called Plaintiff at work right away and gave her the message.  Plaintiff immediately called "Sam Cooper" back from her work telephone.  "Sam Cooper" stated that he was from a collection agency and Plaintiff needed to pay $1300.00 right away.  Plaintiff told "Sam Cooper" that she wasn't able to make that payment.

7.     Throughout the month of February and the beginning of March, Plaintiff was still receiving telephone calls from Defendant's agent "Sam Cooper" but decided she wasn't going to take any of the telephone calls.

8.     On March 26, 2009, Plaintiff was at work when her Supervisor informed her that she just received a phone call from "Sam Cooper" looking for Christine Barron. Plaintiff's Supervisor told Defendant's agent "Sam Cooper" that she wasn't Christine Barron, he stated "I know you are Christine Barron, Don't fool with me I know you are that **"BITCH"**.   Plaintiff's Supervisor was mortified, Plaintiff's Supervisor told "Sam Cooper" "she was not Christine Barron and he was not allowed to call her work anymore".   Defendant's agent "Sam Cooper" gave details about Plaintiff's debt to Plaintiff's Supervisor even after she stated she was not Christine Barron.

9.     On March 26, 2009, Plaintiff received **seventy** telephone calls from Defendant in **one** day. Plaintiff received telephone calls as late as 9:03 p.m. 9:04 p.m. 9:05 p.m. **(2)** telephone calls at 10:11 p.m. **(2)** telephone calls at 10:12 p.m. 10:13 p.m. 11:00 p.m. After the last several calls, Plaintiff answered the telephone and told Defendant's agent "Sam Cooper" that he cannot call at this time of night and stop calling. See attached telephone statement hereto marked as "Exhibit A"

10.    On March 30, 2009, Plaintiff received **(five)** phone calls in **(one)** day.

11.    On March 31, 2009, Plaintiff received **(seven)** phone calls in **(one)** day.

12.    Throughout the month of March, 2009, Plaintiff received 3 voice mails from Defendant.  Plaintiff heard nothing but laughing and breathing and then Defendant's agent would hang up the telephone.

13.     The Defendant acted in a false, deceptive, misleading and unfair manner when they engaged in conduct the natural consequences of which is to harass, oppress, or abuse such person in connection with the collection of a debt.

14.     The Defendant acted in a false, deceptive, misleading and unfair manner by threatening to take action that it did not intend to take for the purpose of coercing Plaintiffs to pay the debt.

15.     The Defendant knew or should have known that their actions violated the FDCPA.  Additionally, Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

16.     At all times pertinent hereto, Defendant was acting by and through it agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant herein.

17.     At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiffs herein.

18.     As a result of Defendant's conduct, Plaintiffs have sustained actual damages, including, but not limited to, injury to Plaintiff's reputation, invasion of privacy, damage to Plaintiff's credit, out-of-pocket expenses, physical, emotional and mental pain and anguish and pecuniary loss and they will continue to suffer same for an indefinite time in the future, all to their great detriment and loss.

## COUNT 1 – FDCPA

19.     The above paragraphs are hereby incorporated herein by reference.

20.     At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by Plaintiffs for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

21.     The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of §§ 1692d, e, e(2), e(4), e(5), e(10), e(11), f, f(6) and g.

**WHEREFORE**, Plaintiffs respectfully pray that judgment be entered against the Defendant, Allied Interstate, Inc. for the following:

a.      Declaratory judgment that Defendant's conduct violated the FDCPA and declaratory and injunctive relief for the Defendant's violations of the state Act;

b.      Actual damages;

c.      Statutory damages pursuant to 15 U.S.C. § 1692k;

d.      Reasonable attorney's fees and litigation expenses, plus costs of suit; and

e.      Such additional and further relief as may be appropriate or that the interests of justice require.

## COUNT II
## VIOLATIONS OF PENNSYLVANIA FAIR CREDIT EXTENSION UNIFORMITY ACT
### (FCEUA, 73 Pa. C.S. § 2270.1 et seq.)

22.    Plaintiffs repeat, re-allege and incorporate by reference the foregoing paragraphs.

23.    The collection of a debt in Pennsylvania is proscribed by the Fair Credit Extension Uniformity Act at 73 Pa. C.S. § 2270.1 et seq., ("FCEUA") and the Pennsylvania Unfair Trade Practices and Consumer Protection Law 73 Pa. C.S 201-1 et seq. ("UTPCPL").  Defendant is a debt collector pursuant to 73 Pa. C.S. § 2270.3.

24.    The alleged debt Defendant was attempting to collect is a debt as defined by 73 Pa. C.S. § 2270.3.

25.    The FCEUA proscribes, inter alia, engaging in any false, misleading or deceptive representations when attempting to collect a consumer debt.

26.    The actions of Defendant, as aforesaid, constitute false, misleading or deceptive representations.

27.    Violations of the FDCPA is a per se violation of the FCEUA and the UTPCPL.

28.    As a direct and proximate result of the said actions, Plaintiffs have suffered financial harm.

29.    By virtue of the violations of the law as aforesaid, and pursuant to the FCEUA and UTPCPL, Plaintiffs are entitled to an award of actual damages, treble damages, attorney's fee and costs of suit.

**WHEREFORE**, Plaintiffs pray this Honorable Court enter judgment in their favor and against Defendant, and Order the following relief:

a.      Actual damages;

b.      Treble damages;

c.      An award of reasonable attorneys fees and expenses and costs of court; and

d.      Such additional relief as is deemed just and proper, or that the interests of justice require.

## COUNT III

### VIOLATIONS OF PENNSYLVANIA CONSUMER PROTECTION LAW ("UTPCPL"), 73 Pa. C.S. § 201-1 et seq.

30.      The foregoing paragraphs are incorporated herein by reference.

31.      Plaintiffs and Defendant are "Persons" to 73 Pa. C.S § 201-2.

32.      The UTPCPL proscribes, inter alia, engaging in any "unfair or deceptive acts or practices", either at, and prior to or subsequent to a consumer transaction.

33.      The action of Defendant, as aforesaid, constitutes unfair acts or practices under the UTPCPL, by way of the following, inter alia:

a.      Defendant misrepresented to Plaintiffs the character, extent or amount of the debt or its status in a legal proceeding, 73 Pa. C.S. § 201-3.1;

b.      Defendant engaged in deceptive or fraudulent conduct which created a likelihood of confusion or of misunderstanding, 73 Pa. C.S. § 201-2(xxi);

c.      Defendant failed to comply with the FDCPA and FCEUA which are <u>per se</u> violations of the UTPCPL.

34.     As a direct and proximate result of the said actions, Plaintiffs have suffered financial damages and other harm.

35.     By virtue of the violations of law aforesaid and pursuant to the UTPCPL, Plaintiffs are entitled to an award of actual damages, treble damages, attorney's fees and costs of suit.

**WHEREFORE** Plaintiffs pray this Honorable Court enter judgment in their favor and against Defendant, and Order the following relief:

a.      An Order declaring that Defendant violated the UTPCPL;

b.      Actual damages;

c.      Treble damages;

d.      An award of reasonable attorney's fees and expenses and cost of suit; and

e.      Such additional relief as is deemed just and proper, or that the interest of justice may require.

## V.  **JURY DEMAND**

Plaintiff hereby demands a jury trial as to all issues herein.

**Respectfully submitted,**

**WARREN & VULLINGS, LLP**

**Date:  April 16, 2009**        **BY:**   _/s/  **Brent F. Vullings**_
                        Brent F. Vullings, Esquire
                        Warren & Vullings, LLP
                        1603 Rhawn Street
                        Philadelphia, PA  19111
                        215-745-9800   Fax 215-745-7880
                        Attorney for Plaintiff